IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| WALTER P. WALKER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case. 4:15-CV-00647-SRB |
| ) | |
| RE-DISCOVERY M/H AGENCY, ) | |
| ) | |
| Defendant. ) | |

## **ORDER**

Before the Court is Plaintiff's motion to proceed without payment of fees pursuant to 28 U.S.C. § 1915 (Doc. # 1). Along with his motion, Plaintiff submits his affidavit of financial status (Doc. #2) and his proposed complaint (Doc. #1-1). After reviewing the premises of the motion, the Court grants Plaintiff leave to file an amended affidavit of financial status and an amended proposed complaint.[1]

Under 28 U.S.C. § 1915, this Court may authorize the commencement of any suit without prepayment of fees when an applicant files an affidavit indicating that he is unable to pay the costs of the lawsuit. The Court must exercise its discretion in determining whether an applicant is sufficiently impoverished to qualify under this statute. Cross v. Gen. Motors Corp., 721 F.3d 1152, 1157 (8th Cir. 1983). Generally, this showing of poverty is satisfied if the applicant would become completely destitute or be forced to give up the basic necessities of life if required to pay the costs of the lawsuit. Adkins v. E.I. Du Pont De Nemours & Co., 335 U.S. 331, 339 (1948).

The Court reviewed Plaintiff's affidavit but cannot determine whether he is sufficiently impoverished because his affidavit is incomplete. For example, Plaintiff indicates he is receiving

---

[1] The Court is mindful of Plaintiff's pro se status and liberally construes his filings. See Estelle v. Gamble, 429 U.S. 97, 106 (1976) (instructing that courts should liberally construe pro se complaints).

1

Social Security Disability Benefits but does not list the amount. Without knowing his monthly payment, the Court cannot determine whether he is sufficiently impoverished to qualify under § 1915.

The Court is mindful of Plaintiff's pro se status and will grant him leave to file an amended affidavit of financial status on or before **September 11, 2015**. If he elects to file an amended affidavit of financial status, Plaintiff must submit a completely new affidavit that contains all relevant information and provides the Court with a complete picture of his financial situation. This new affidavit will completely replace the originally-filed affidavit; it cannot be merely a supplement to the original affidavit.

Even assuming Plaintiff is sufficiently impoverished, Plaintiff's complaint does not contain sufficient facts to demonstrate that it is not barred by 28 U.S.C. § 1915(e)(2)(B). Plaintiff's statement of claim states:

> I have received case manager services since [October 2014] to current date from defendants. Neglect, Abuse, and Discrimination coupled w/ violation of "A Person w/ Disabilities Act is herein foreward [sic] stating a Claim . . .

Doc. #1-1 at 1. But Plaintiff's complaint does not give facts giving rise to his claim.

Again, because of Plaintiff's pro se status, the Court will grant him leave to file an amended proposed complaint on or before **September 11, 2015**. If he elects to file an amended proposed complaint, Plaintiff should provide a description of the factual events giving rise to his claim. The amended complaint shall be labeled "Amended Complaint" or "Amended Civil Complaint." Any such amended complaint should be a complete and adequate complaint by itself; it cannot be merely a supplement to the original complaint. Accordingly, it is hereby

ORDERED Plaintiff is granted leave to file an amended affidavit of financial status and/or amended proposed complaint on or before **September 11, 2015**. If Plaintiff does not file

an amended affidavit of financial status and/or an amended proposed complaint on or before September 11, 2015, the Court will rule on his motion without further notice, which could result in dismissal of this case.

IT IS SO ORDERED.

Dated: September 1, 2015

/s/ Stephen R. Bough
STEPHEN R. BOUGH
UNITED STATES DISTRICT JUDGE