IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| WALTER P. WALKER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No.: 4:15-CV-00647-SRB |
| ) | |
| RE-DISCOVER M/H AGENCY, ) | |
| ) | |
| Defendant. ) | |

## **ORDER**

Before this Court is Plaintiff's Motion for Emergency Injunction and Restraining Order (Doc. #26). For the reasons discussed below, the Motion is denied.

Plaintiff seeks a preliminary injunction against Defendant ReDiscover because "Plaintiff believes his life is in danger v.i.a. [sic] the actions of other ongoing client's [sic] of Defendants [sic] whom Plaintiff is a stranger to." (Doc. #26, p.2). Plaintiff claims Defendant has "clients whom seemingly are a [sic] indirect threat to do physical harm to Plaintiff[.]" Id. at ¶1. Plaintiff believes Defendant "neglected Plaintiff's pleads to them to help in finding other housing immediately." Id. at ¶4. Defendant argues that, even with the benefit of liberal construction, it is difficult to discern what specific relief Plaintiff is seeking because "Plaintiff does not describe the act or acts he is seeking to have restrained or required." (Doc. #30, p.2). Additionally, Defendant claims that Plaintiff has failed to satisfy the required elements set forth in Dataphase Sys., Inc. v. C L Sys., Inc., 640 F.2d 109 (8th Cir. 1981).

"A preliminary injunction is an extraordinary remedy and the burden of establishing the propriety of an injunction is on the movant." Roudachevski v. All-Am. Care Centers, Inc., 648 F.3d 701, 705 (8th Cir. 2011) To succeed in a request for a preliminary injunction, the movant

must satisfy the procedural requirements of Federal Rule of Civil Procedure 65 and substantive prerequisites set forth by the Eighth Circuit. The Eighth Circuit requires the movant to show and the Court to consider the following factors: "(1) the threat of irreparable harm to the movant; (2) the state of balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest." Dataphase Sys., Inc., 640 F.2d at 114. "No single factor is determinative, they must be 'balanced to determine whether they tilt towards or away' from granting the injunction." Stalker v. PHH Mortg. Corp., 4:13-CV-0807-DGK, 2013 WL 5306672, at *1 (W.D. Mo. Sept. 20, 2013) (quoting Noodles Dev., LP. v. Ninth Street Partners, LLP, 507 F.Supp.2d 1030, 1034 (E.D. Mo. 2007)). Though, "a failure to show irreparable harm is an independently sufficient ground upon which to deny a preliminary injunction." Novus Franchising, Inc. v. Dawson, 725 F.3d 885, 893 (8th Cir. 2013). A plaintiff seeking preliminary relief is required to "demonstrate that irreparable injury is likely in the absence of an injunction." Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 22 (2008) (citing Los Angeles v. Lyons, 461 U.S. 95, 103 (1983)). "The basis for injunctive relief in the federal courts has always been irreparable harm and inadequacy of legal remedies." Bandag, Inc. v. Jack's Tire & Oil, Inc., 190 F.3d 924, 926 (8th Cir. 1999).

Though unclear, it appears Plaintiff seeks an injunction against Defendant ReDiscover for issues relating to Defendant's failure to assist Plaintiff in finding alternate housing and Defendant's clients "whom seemingly are a [sic] indirect threat" to Plaintiff. (Doc. #26, ¶1). Plaintiff has not identified the individuals that pose an indirect threat to do him physical harm, how the unknown clients of Defendant place his life in danger, or what acts Plaintiff is seeking to have restrained or required. "The purpose of a … Preliminary Injunction is to prevent future irreparable harm, not to correct past wrongs[.]" Jihad v. Fabian, CIV 09-1604, 2010 WL

2787433, at *4 (D. Minn. June 15, 2010) report and recommendation adopted, CIV. 09-1604 (DSD/RL, 2010 WL 2776848 (D. Minn. July 14, 2010). A preliminary injunction does not have the ability to undo any previous harm allegedly caused by Defendant ReDiscover. Moreover, "[p]ossible or speculative harm is not enough" to warrant the remedy requested by Plaintiff. Bloom v. O'Brien, 841 F. Supp. 277, 279 (D. Minn. 1993). Based on Plaintiff's motion, the Court can identify no future harm that might be prevented by the issuance of a preliminary injunction. Plaintiff has failed to state what irreparable harm he will suffer absent a preliminary injunction. Consequently, Plaintiff has not met his burden of proof. See Roudachevski, 648 F.3d at 705.

Based on these considerations, the Court finds that Plaintiff has not adequately "demonstrate[d] that irreparable injury" is likely to occur absent a preliminary injunction. Winter, 555 U.S. at 22. Plaintiff's failure to prove "irreparable harm is an independently sufficient ground upon which to deny a preliminary injunction." Novus, 725 F.3d at 893. Plaintiff's motion, even when liberally viewed due to the plaintiff being pro se, does not satisfy the procedural requirements of Federal Rule of Civil Procedure 65 or substantive prerequisites set forth by the Eighth Circuit.

Accordingly, it is hereby

**ORDERED** that Plaintiff's Motion for Emergency Injunction and Restraining Order (Doc. #26) is DENIED.

/s/ Stephen R. Bough
STEPHEN R. BOUGH
UNITED STATES DISTRICT JUDGE

Dated: December 2, 2015